IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ERIC A. DOVER,**                                    3:13-CV-01360-BR

        **Plaintiff,**                            OPINION AND ORDER

v.

**KATHLEEN HALEY, JD, et al.,**

        **Defendants.**

**ERIC A. DOVER**
1615 Cloverleaf Rd.
Lake Oswego, OR 97034

        Plaintiff, *Pro Se*

**ELLEN ROSENBLUM**
Attorney General
**MARC ABRAMS**
Assistant Attorney General
1515 S.W. Fifth Avenue
Suite 410
Portland, OR 97201
(971) 673-1880

        Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#38) to Dismiss or for Summary Judgment. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES as moot** Defendants' Motion for Summary Judgment.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the document attached to the Declaration of Marc Abrams.[1]

On October 30, 2009, the Oregon Medical Board (OMB) issued a Complaint and Notice of Proposed Disciplinary Action to Plaintiff Eric Dover.

On September 21 and 22, 2010, a hearing was held before an Administrative Law Judge (ALJ). Plaintiff was represented by an attorney. Plaintiff testified, called a witness, and questioned the witnesses called by the OMB.

At some point the ALJ issued Findings and Recommendation in which he found Plaintiff "engaged in unprofessional conduct and repeated negligence, and . . . violated a[n OMB] order." Abrams Decl., Ex. A at 20. The ALJ proposed a number of sanctions against Plaintiff including revocation of Plaintiff's medical

---

[1] The Court takes judicial notice of the document attached to the Abrams' Declaration because it is a published government order.

2 - OPINION AND ORDER

license with the revocation to be held in abeyance, suspension from the practice of medicine for two years, and a civil penalty. *Id*.

On January 14, 2011, the OMB issued a final order in which it adopted the ALJ's findings.  The OMB, however, declined to adopt the ALJ's proposed sanctions on the ground that Plaintiff's "refusal to accept responsibility for his conduct, his refusal to comply with a[n OMB] order, and his continued defiant attitude make [Plaintiff] a poor candidate for rehabilitation."  *Id*.  Thus, the OMB, among other things, revoked Plaintiff's license to practice medicine in Oregon.  *Id*. at 20-21.  The OMB advised Plaintiff that he could appeal the OMB's final order by filing a petition with the Oregon Court of Appeals within 60 days pursuant to Oregon Revised Statute § 183.480, *et seq*.  Plaintiff did not appeal the OMB's final order.

On August 7, 2013, Plaintiff filed a *pro se* Complaint in this Court pursuant to 42 U.S.C. § 1983 against 33 named individuals, the OMB, and 50 John and Jane Does.  Plaintiff alleges numerous violations of various Articles and Amendments to the United States Constitution and seeks damages as well as an order enjoining Defendants "retroactively from maintaining [the OMB] decision," reinstatement of Plaintiff's license to practice medicine in the State of Oregon, and a declaration that the Oregon statute under which the OMB may revoke a license to

practice medicine is unconstitutional.

On August 26, 2013, Defendants filed a Motion to Dismiss or for Summary Judgment.[2] On October 2, 2013, Plaintiff filed a Response to Defendants' Motion. On October 4, 2013, Defendants filed a Reply. On October 9, 2013, Plaintiff submitted two letters to the Court in further response to Defendants' Motion. The Court permitted Defendants to file a Surreply no later than October 18, 2013. Defendants declined to file a Surreply, and the Court took this matter under advisement on October 18, 2013.

## STANDARDS

### I. Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1).

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th Cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714

---

[2] On August 29, 2013, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to Defendants' Motion for Summary Judgment, summary judgment would be entered against him if it was appropriate.

4 - OPINION AND ORDER

F.3d 1108, 1114 n.1 (9th Cir. 2013).  The court may permit discovery to determine whether it has jurisdiction.  *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss."  *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

**II.  Summary Judgment**.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id*.  "This burden is not a light one. . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)(citation omitted).

5 - OPINION AND ORDER

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

**DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint on the grounds that (1) Defendants are statutorily immune from this action, (2) they are entitled to absolute immunity under common law as to Plaintiff's claims, (3) this matter is barred by the *Rooker-Feldman* doctrine, (4) Plaintiff's claims are untimely, (5) Plaintiff's claims against Defendant John Kroger for supervisory responsibility fail, and (6) Defendants are entitled to qualified immunity.

**I.   Defendants are immune from suit.**

The named Defendants fall into four categories:

(1)  Members of the OMB including Joseph Thaler, Linda Johnson, Ralph Yates, Roger McKimmy, Donald Girard, George Koval, Ramiro Gaiten, Douglas Kirkpatrick, Lewis Neace, Patricia Smith, Gary LeClair, Sarojoini Budden, Clifford Deveny, Keith White, Kent Williamson III, Nathalie Johnson, Shirin Sukumar, Clifford Mah, Michael Mastrangelo, and Angelo Turner;

(2)  Staff of the OMB including Kathleen Haley, Nicole Krishnaswami, Jim Peck, Phillip Parshley, James Calvert, Jay Drum, Gary Stafford, and Eric Brown;

(3)  ALJ Rick Barber; and

(4)  Attorneys with the Oregon Department of Justice

7 - OPINION AND ORDER

including John Kroger and Warren Foote.

**A.  Statutory immunity.**

Oregon Revised Statute § 677.335 provides:

> (1) Members of the Oregon Medical Board, members of its administrative and investigative staff, medical consultants, and its attorneys acting as prosecutors or counsel shall have the same privilege and immunities from civil and criminal proceedings arising by reason of official actions as prosecuting and judicial officers of the state.
>
> (2) No person who has made a complaint as to the conduct of a licensee of the board or who has given information or testimony relative to a proposed or pending proceeding for misconduct against the licensee of the board, shall be answerable for any such act in any proceeding except for perjury committed by the person.

Defendants, with the exception of ALJ Rick Barber, are members of the OMB, part of the OMB's administrative and investigative staff, or attorneys representing OMB (the OMB Defendants).  The OMB Defendants, therefore, are immune from Plaintiff's claims, all of which arise out of the OMB Defendants' official actions as prosecuting and judicial officers.  *See, e.g., Read v. Haley*, No. 3:12-cv-02021-MO, 2013 WL 1562938, at *7 (D. Or. Apr. 10, 2013)("The members of the Oregon Medical Board are expressly mentioned in the statute, Mr. Foote acted as counsel for the Board at the ALJ hearing, and the unknown employees of the Oregon Medical Board are presumably either administrative or investigative staff.  Moreover, [the plaintiff's] . . . claim clearly arises out of these defendants'

8 - OPINION AND ORDER

official actions.  Consequently, they all fall within Or. Rev. Stat. § 677.335(1), and they are all entitled to immunity.").

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's claims as to all Defendants other than ALJ Barber on the grounds of statutory immunity under § 677.335.

**B.  Absolute immunity.**

Defendants also contend Plaintiff's claims are barred by common-law absolute immunity.

The Supreme Court has consistently accorded absolute immunity "to judges and prosecutors functioning in their official capacity" to ensure judicial officers are "free to act upon [their] own convictions, without apprehension of personal consequences."  *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978) and *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  *See also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)("Recognizing these considerations, courts have extended the protections of absolute immunity to qualifying state officials sued under 42 U.S.C. § 1983.").

Absolute immunity may also be extended to state officials who are not traditionally regarded as judges or prosecutors if the functions they perform are similar to those performed by judges or prosecutors.  *See Butz v. Economou*, 438 U.S. 478, 513-17 (1978) and *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999).

9 - OPINION AND ORDER

> Under certain circumstances, absolute immunity is also extended to agency representatives performing functions analogous to those of a prosecutor or a judge. Such immunity assures the independent functioning of executive officials acting in a quasi-judicial capacity, thereby ensuring that they can exercise their adjudicative discretion without fear of intimidation or harassment.

*Olsen*, 363 F.3d at 923 (citation omitted). The Ninth Circuit, district courts in the Ninth Circuit, and other circuit courts have concluded members of state medical boards are entitled to absolute immunity under common law for their quasi-judicial and quasi-prosecutorial acts. *See, e.g., Olsen,* 363 F.3d at 925–26; *Gambee v. Cornelius* (*Gambee II*), No. 10-6265-AA, 2011 WL 1311782, at *3 (D. Or. Apr. 1, 2011); *Wang v. New Hampshire Bd. of Registration in Med.*, 55 F.3d 698 (1st Cir. 1995); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992); *Horowitz v. State Bd. of Med. Exam'rs*, 822 F.2d 1508 (10th Cir. 1987).

Courts have also concluded OMB members and staff are absolutely immune from suit under common law for alleged due-process and equal-protection violations in the revocation process. *Gambee II*, 2011 WL 1311782, at *6. For example, the Ninth Circuit held in *Olson* that members of the Idaho State Medical Board, the Board of Professional Development, their staff, and legal counsel were entitled to absolute immunity from suit by the plaintiff under § 1983 because their actions were "procedural steps involved in the eventual decision denying [the Plaintiff] her license requirement" and "such acts are

10 - OPINION AND ORDER

inextricably intertwined with [the defendants'] statutorily assigned adjudicative functions." 363 F.3d at 928.

Finally, courts also have concluded ALJs are accorded absolutely immunity for their judicial acts. *See, e.g., Butz*, 438 U.S. at 513-14; *Read*, 2013 WL 1562938, at *7.

The Court, therefore, concludes Defendants all of whom are members of the OMB; staff, investigators for, or attorneys of the OMB; or ALJs and who engaged in quasi-judicial and quasi-prosecutorial acts are absolutely immune from suit. Accordingly, the Court grants Defendants' Motion to Dismiss on the additional grounds that all Defendants are absolutely immune from Plaintiff's claims under common law.

## II. *Rooker-Feldman* Doctrine.

Defendants also assert Plaintiff's claims are precluded by the *Rooker-Feldman* Doctrine, which prohibits federal courts from reviewing final determinations of state courts. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).[3] Under the *Rooker-Feldman* Doctrine, federal district courts lack jurisdiction over cases in which a plaintiff seeks review of

---

[3] Administrative proceedings that are quasi-judicial and result in a final order like the proceedings in this matter can properly form the basis for *Rooker-Feldman* preclusion. *See, e.g., Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1250 n.10 (9th Cir. 1994); *Murray v. Dep't of Consumer and Bus. Svcs.*, No. CV-09-1292-HU, 2010 WL 3604675, at *9-10 (D. Or. Aug. 12, 2010); *Lawrence v. Bd. of Election Comm'rs of the City of Chicago*, 524 F. Supp. 2d 1011, 1017 (N.D. Ill. 2007).

11 - OPINION AND ORDER

state-court judgments. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007)(citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)).  The doctrine bars a federal court's direct review of issues actually decided by state courts as well as "claim[s] that 'amount[] to nothing more than an impermissible collateral attack on prior state court decisions'" and are "inextricably intertwined with the forbidden appeal." *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1166 (9th Cir. 2006)(quoting *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995), and citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)).

The *Rooker-Feldman* Doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally-protected rights to due process and equal protection. *Bates v. Jones*, 131 F.3d 843, 856 (9th Cir. 1997)(citing *McNair*, 805 F.2d at 891).

*Rooker-Feldman* is a jurisdictional doctrine rather than a *res judicata* doctrine. *Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006).  In *Robinson v. Ariyoshi* the court explained:

> [T]he *res judicata* requirement of full and fair opportunity to litigate and the *Feldman* 'inextricably intertwined' barrier are two sides of the same coin.  Under the rubric of either 'jurisdiction' or '*res judicata*,' the crux of the question is whether there has already been actual consideration of and a decision on the issue presented.  If consideration and decision have been accomplished, action in federal court is an impermissible 'appeal' from the state court

12 - OPINION AND ORDER

> decision.  If no consideration has been given, or
> any decision on the matter is ambiguous, it is
> unlikely that the issues presented to the state
> high court and to the federal court are so
> 'inextricably intertwined' that the federal court
> cannot take jurisdiction.  Nor is it likely that
> there will have been a full enough and fair enough
> opportunity for litigation to warrant the claim
> preclusive effect of res judicata.

753 F.2d 1468, 1472 (9th Cir. 1985), *vacated on other grounds by* 477 U.S. 902 (1986).

Plaintiff requests this Court to review and to reverse the decision of the OMB revoking his medical license, and, therefore, the *Rooker-Feldman* Doctrine applies.  Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's claims on the ground that it lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Because the Court concludes Defendants are immune from suit and this Court lacks jurisdiction over Plaintiff's requests for injunctive and declaratory relief under the *Rooker-Feldman* Doctrine, the Court declines to address Defendants' other bases for dismissal of this action.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion (#38) to Dismiss or for Summary Judgment as follows:  **GRANTS** Defendants' Motion (#38-1) to Dismiss and **DENIES as moot** Defendants' Motion (#38-2) for Summary Judgment.

Accordingly, the Court **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 26th day of November, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER